IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-134-BO-RJ

SYSCO MACHINERY CORP, A TAIWAN )
CORPORATION, )
               Plaintiff, )
)
v. )         O R D E R
)
DCS USA CORPORATION, D/B/A )
DOREY CONVERTING SYSTEMS, A )
NORTH CAROLINA CORPORATION, )
               Defendant. )

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant alternatively seeks a stay of this action. Plaintiff has responded in opposition, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted and plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff, Sysco Machinery Corp (hereinafter "Sysco"), is a Taiwanese company that was founded in 1977 which manufactures industrial cutting equipment. [DE 1] Compl. ¶¶ 2, 13. Sysco contends it owns the "finest inventions of" particular types of rotary die cutting machines ("RDC machines"). *Id.* ¶ 2, 20. These machines are used in producing various products, including phone or electronic components and medical devices. *Id.* ¶ 3. "Sysco designs and builds easy-to-operate, high-precision, high-efficiency automated industrial machinery for its customer[s] to manufacture their customized end products or components." *Id.* ¶ 27.

Defendant, Dorey Converting Systems ("DCS"), is a North Carolina corporation headquartered in Morrisville, which has since 2018 operated as Sysco's U.S. distributor of Sysco's Rotary Die Cutting Series. *Id.* ¶ 26. DCS was responsible for developing customers seeking RDC machines in the United States, and DCS would work with Sysco and the customer to develop a machine that met the customer's needs; DCS would receive a commission on each RDC machine sold. *Id.* ¶ 83.

Sysco alleges that in April 2021, several of its employees ("former employees") formed and established in secret a company called Cymtek, which competes with Sysco. After Cymtek was formed, other Sysco employees left Sysco and started working for Cymtek. *Id.* ¶ 4. The former employees had access to Sysco's trade secrets and other confidential and proprietary information, and Sysco alleges that it has discovered electronic records which show that its former employees copied, stole, and misappropriated confidential files and RDC machine layouts. *Id.* ¶¶ 3, 5. Sysco alleges that Cymtek employees also diverted RDC deals from Sysco to Cymtek. Sysco alleges that defendant DCS "assisted in the [former employee's] conduct by" participating in "diverting deals with Sysco's U.S. customers Enovix, Freyr, and Axxiva to Cymtek." *Id.* ¶ 6.

In March 2022, Sysco filed suit against Cymtek and the former employees (all Taiwanese individuals) in Taiwan, and purportedly received its requested relief. *Id.* ¶¶ 98-99. Sysco alleges that after it received injunctive relief from the Taiwan court, it notified DCS of the decision, but that "Cymtek . . . continues to sell its RDCs built with Sysco's Trade Secrets and copyrights through DCS." *Id.* ¶ 11.

In August 2022, Sysco filed suit against Cymtek, Cymmetrik,[1] the former employees, and DCS in this court. *Sysco Machinery Corp v. Cymtek Solutions*, No. 5:22-CV-319-D-KS

---

[1] Cymmetrik is an affiliated entity which owns a factory utilized by Cymtek in Taiwan. Compl. ¶ 6.

2

(E.D.N.C.). Sysco's motion for a temporary restraining order was denied, and shortly thereafter Sysco dismissed that suit. *Id.* [DE 26, 31, 32]. In October 2022, Sysco filed a case against Cymtek and Cymmetrik (but not DCS) in the District of Massachusetts. *Sysco Machinery Corp v. Cymtek Solutions, Inc.*, No. 22-11806-LTS (D. Mass. 2022). Sysco was granted a temporary restraining order but its motion for preliminary injunction was denied. *See id.*; *see also* [DE 20-3].

In this action, Sysco alleges claims against DCS for misappropriation of trade secrets under federal and North Carolina law, federal copyright infringement, unfair and deceptive trade practices, and tortious interference with prospective economic advantage. DCS has moved to dismiss each of Sysco's claims pursuant to Rule 12(b)(6). In the alternative, DCS asks that this case be stayed to await the outcome of the District of Massachusetts case against Cymtek and Cymmetrik.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

3

A. Misappropriation of trade secrets

The Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836, authorizes suits by owners of trade secrets that have been misappropriated. North Carolina law also prohibits the misappropriation of trade secrets. N.C. Gen. Stat. §§ 66-152—66-162. To plead a claim for misappropriation of trade secrets under either the DTSA or North Carolina law, "a plaintiff must identify a trade secret with sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur." *Krawiec v. Manly*, 370 N.C. 602, 609 (2018) (quotations omitted); *see also Syntel Sterling Best Shores Mauritius Ltd. v. The TriZetto Grp., Inc.,* 68 F.4th 792, 800 (2d Cir. 2023). "The plaintiff 'should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons ... skilled in the trade.'" *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998) (citation omitted). A plaintiff cannot rely on "catchall" phrases, *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020), and must allege sufficient facts that would establish that what plaintiff has identified meets the definition of a trade secret. *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 661 (4th Cir. 1993).

Sysco's complaint identifies its allegedly misappropriated trade secrets in terms of broad, sweeping terms such as "certain files," technical information stored in data slots, confidential files and machine layouts, and a "compilation of machinery, software, and confidential information." Compl. ¶¶ 3, 5, 49, 56. It further describes the "files at issue" as technical documents, test videos, statistical data, client contracts, and other confidential information. *Id.* ¶54. These terms, absent additional factual enhancement, lack the specificity required to plead a claim for misappropriation of trade secrets. *See TECH USA, Inc. v. Milligan*, Civil Action No. RDB-20-0310, 2021 U.S. Dist.

4

LEXIS 37961, at *19 (D. Md. Mar. 1, 2021); *VRX USA, LLC v. VRX Ventures, Ltd.*, No. 3:20CV409-GCM, 2020 WL 7229672, at *7 (W.D.N.C. Dec. 8, 2020).

Equally as important, however, the complaint fails to plausibly allege that *DCS*, as opposed to the former employees, misappropriated any alleged trade secret. Though Sysco argues in its opposition that it has alleged that DCS "acquired, disclosed, and/or used Sysco's Trade Secrets," it has not alleged any factual support of these claims. Moreover, though there does not appear to be binding precedent on the issue, the weight of the authority supports that there can be no conspiracy or secondary liability for DTSA claims. *Azima v. Del Rosso*, No. 1:20CV954, 2021 U.S. Dist. LEXIS 237463, at *28 (M.D.N.C. Aug. 9, 2021) (listing cases holding same). Further, Sysco has cited no authority which would support that a distributor which sells a competitor's product, even taking as true that the competitor here engaged in misappropriation of trade secrets, can also be liable for misappropriating trade secrets.

Finally, Sysco does not rebut that some of the categories of materials which it identifies in its complaint cannot be trade secrets. Under both North Carolina law and the DTSA, information must be subject to reasonable efforts to maintain its secrecy to be considered a trade secret, and misappropriation occurs only where that information is acquired or used without either express or implied consent. *See Byrd's Lawn & Landscaping, Inc. v. Smith,* 142 N.C. App. 371, 375-77 (2001); 18 U.S.C. §§ 1839 (3); (5). Sysco describes in its complaint information which DCS acquired while developing RDC machines with Sysco to meet customer requirements, but there is no allegation that any of that information was designated as secret or that there was no authority for DCS to use that information. Information which has been disclosed to a party that has no obligation keep the information confidential cannot be defined as a trade secret. *Microstrategy Servs. Corp. v. OpenRisk, LLC*, No. 1:14cv1244 (JCC/IDD), 2015 U.S. Dist. LEXIS 32719, at *22

5

(E.D. Va. Mar. 17, 2015); *see also* [DE 1-27] (technical design documents identified as property of DCS USA). Information about Sysco's compilation of machinery that is available on its publicly available website also has not been subject to any reasonable efforts to maintain secrecy.

In sum, DCS has demonstrated that Sysco has failed to state a claim for misappropriation of trade secrets under either federal or North Carolina law, and these claims are properly dismissed.

B. Federal copyright infringement

A claim for copyright infringement requires a plaintiff to demonstrate that it owns a valid copyright and that the defendant engaged in unauthorized copying of the protected work. *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002). A certificate showing ownership of a copyright registration is *prima facie* evidence that the party owns a valid copyright. *See* 17 U.S.C. § 410(c); *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 977 F. Supp. 2d 567, 581 (E.D. Va. 2013). Unauthorized copying may be shown by direct evidence or by creating a presumption through indirect evidence that the defendant, who has access to the copyrighted work, has created work that is substantially similar to the protected work. *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001).

Sysco alleges that it has valid U.S. copyrights in several technical drawings, each of which was registered with the Copyright Office on July 12, 2022. *See also* 17 U.S.C. § 102(a)(5). Thus, Sysco cannot maintain a claim for copyright infringement which occurred prior to that date. Copyright in a technical drawing grants Sysco "the exclusive right to reproduce, prepare derivative works, distribute copies, and display the copyrighted work" but not to "use" the copyrighted work. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, No. CIV.A. MJG-06-2662, 2011 WL 4596043, at *3 (D. Md. Sept. 30, 2011). Thus, Sysco's "copyright in a technical drawing of a useful article does not preclude [others] from manufacturing and marketing the article itself." *Id.* Sysco's claim that

6

DCS infringed its copyrights by distributing products which incorporate technical specifications included in the technical drawings thus fails.

Sysco also alleges that DCS received, conspired with Cymtec to reproduce, and was involved in the transfer of Sysco's copyrighted technical drawings. Compl. ¶¶ 48, 145-48. Sysco has not alleged that *DCS* reproduced, prepared derivative works, distribute copies of, or displayed the copyrighted technical drawings. It cites no authority that receipt of a copyrighted work constitutes copyright infringement nor has it alleged with any specificity that DCS was engaged in any conspiracy. Sysco has failed to state a plausible claim for copyright infringement and this claim is properly dismissed.

C. Unfair and deceptive trade practices

Sysco alleges that DCS engaged in unfair and deceptive trade practices under North Carolina law by "(a) obtaining, using and disclosing valuable proprietary information and records for the benefit of a direct competitor; (b) aiding and abetting Sysco's employees' breach of their fiduciary and other duties owed, and conversion of property belonging, to Sysco; (c) soliciting and employing Sysco's employees to work in direct competition with Sysco and (d) contacting, soliciting, and/or otherwise doing business with Sysco's customers." Compl. ¶ 168.

To establish violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), a plaintiff must show "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Gray v. N.C. Underwriting Ass'n*, 352 N.C. 61, 68 (2000). "[W]hether an act or practice is an unfair or deceptive practice . . . is a question of law for the court." *Id.* A trade practice is unfair if it is immoral, oppressive, substantially injurious, or unethical. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252 (1998). A trade practice is deceptive when it has "the tendency or capacity to mislead,

7

or create the likelihood of deception. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 903 (4th Cir. 1996) (alterations and citation omitted).

In opposition to DCS's motion, Sysco cites cases holding that trade secret misappropriation and tortious interference can support unfair and deceptive trade practice claims. *See, e.g., Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 135 F. Supp. 2d 722, 731 (M.D.N.C. 2001). However, as the Court has determined that Sysco has failed to state a claim for misappropriation of trade secrets or tortious interference with prospective economic advantage, those claims cannot be used to support Sysco's unfair and deceptive trade practice claim.

Sysco did not respond to DCS's remaining arguments that Sysco has failed to plausibly allege an unfair and deceptive trade practices claim based upon any alleged aiding and abetting of the former employees' breach of their fiduciary and other duties owed to Sysco or solicitation and employment of Sysco employees to work in competition with Sysco. First, Sysco's response to some but not all of DCS's arguments supports a determination that Sysco's has conceded that DCS's arguments to which it has not responded are meritorious. *See Bigelow Corp. v. Hounds Town USA, LLC*, No. 3:23-CV-00134-FDW-SCR, 2023 U.S. Dist. LEXIS 134352, at *8 (W.D.N.C. Aug. 2, 2023). Second, these allegations are unsupported by any plausible factual allegations or non-conclusory statements. The unfair and deceptive trade practices claim is therefore appropriately dismissed.[2]

---

[2] Because it has determined that the unfair and deceptive trade practices claim should be dismissed on these grounds, it need not consider DCS's argument that North Carolina's UDTPA does not apply because the alleged injury occurred in Taiwan, not North Carolina. *See The 'In' Porters, S.A. v. Hanes Printables, Inc.*, 663 F. Supp. 494, 501 (M.D.N.C. 1987).

8

### D. Tortious interference with prospective economic advantage

The elements of claim for tortious interference with prospective economic advantage under North Carolina law are "(1) a prospective contract with a third party existed, (2) the tortfeasor 'maliciously induced' the third party 'not to enter a contract which he would have entered into but for the interference,' and (3) the interference proximately caused damages."). *Benjamin v. Sparks*, 173 F. Supp. 3d 272, 288 (E.D.N.C. 2016) (cleaned up). Sysco alleges that DCS interfered with prospective contracts that Sysco would have entered into with customers such as Enovix, Axxiva, and FREYR. DCS would have been the distributor in the prospective contracts alleged by Sysco. *See* Compl. ¶¶ 86-92. The fact that DCS would have been a party to these prospective contracts defeats the claim. *See Cobra Cap., LLC v. RF Nitro Commc'ns, Inc.*, 266 F. Supp. 2d 432, 440 n.3 (M.D.N.C. 2003) (tortious interference with prospective economic advantage claim dismissed "as this claim requires a *third party* to interfere with the prospective economic advantage, and not an entity [that is] a party to the proposed contract.").

At a minimum, DCS is a non-outsider to the prospective contracts alleged by Sysco. Thus, to hold DCS liable for tortious interference, Sysco must plausibly allege that DCS acted without justification, meaning that DCS's actions had "no relation whatever to that legitimate business interest which is the source of the defendant's non-outsider status." *Wagoner v. Elkin City Sch.'s Bd. of Educ.*, 113 N.C. App. 579, 587 (1994) (quotation and citation omitted); *see also PharmaNetics, Inc. v. Aventis Pharms., Inc.*, No. 5:03-CV-817-FL(2), 2005 WL 8159274, at *24 (E.D.N.C. Mar. 9, 2005).

"North Carolina state courts and federal courts applying North Carolina law have stated that in order to demonstrate the element of acting without justification, a plaintiff's complaint must show 'no motive for interference other than malice.'" *Exclaim Mktg., LLC v. DIRECTV, Inc.*, No.

9

5:11-CV-00684-FL, 2012 U.S. Dist. LEXIS 102770, at *16 (E.D.N.C. July 23, 2012) (cleaned up, citation omitted). Sysco alleges that DCS acted maliciously "insofar as it knew that these customers wanted to do business with Sysco, and but for their interference, the customer would have entered into a deal with Sysco." Compl. ¶ 178. Absent some factual enhancement, bare, unsupported allegations that a party acted with malice or without justification are insufficient to nudge a tortious interference with prospective economic advantage claim across the line from conceivable to plausible. *Id.* at *18. This claim is therefore properly dismissed.

In sum, the Court has considered Sysco's claims in light of the applicable standard and determines that it has failed to plausibly allege any claim for relief against DCS as identified in its complaint. While Sysco's complaint provides facts which could support claims against Cymtek and its former employees, its claims against DCS are supported by conclusory statements or mere recitals of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the complaint is dismissed and the Court need not address DCS's alternative request to stay.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 19] is GRANTED and plaintiff's complaint is hereby DISMISSED in its entirety. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this 15 day of November 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE